## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-1002-SLR |
| | ) |
| PHILIP MORGAN, Warden, and | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Peter Kostyshyn.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

## **MEMORANDUM OPINION**

June  ll  , 2012
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is Peter Kostyshyn's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 2)  For the reasons that follow, the court will dismiss petitioner's § 2254 application without prejudice for failure to exhaust state remedies.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's application involves claims related to the two separate incidents described below.

### A. February 12, 2009 Incident: Court of Common Pleas, Crim. ID No. 0902010151

On February 12, 2009, New Castle County code enforcement officer Donna Thompson was inside 1201 Brandywine Boulevard, a vacant property owned by petitioner that had been declared unfit for human habitation because it was structurally unsound and its roof needed massive repairs.  North East Construction Company had applied for a construction permit to make repairs to the property – which permitted New Castle County code enforcement officers to inspect the premises at any time.  At approximately 8:45 a.m., petitioner and his sister Patricia Kostyshyn arrived at the property.  Kostyshyn entered the residence and demanded to know who was present.  Thompson twice announced, "New Castle County Code Enforcement."  Petitioner confronted Thompson, and yelled at her that she did not have a search warrant and had no right to be present.  When Thompson attempted to place a call to 911 on her cell phone, petitioner knocked the phone out of her hand, breaking it.  Petitioner then began to punch Thompson with closed fists until Elmore Walker, Mario Ruiz, and

Ignacio Ruiz, all of the North East Construction Company, intervened. Thompson suffered a bruise to the back of her head and a cut to her right middle finger. Petitioner was arrested that same day. (D.I. 18 at 1-4)

On February 13, 2009, petitioner was charged by information in the Court of Common Pleas with third degree assault, malicious interference with communications, menacing, three counts of offensive touching, criminal mischief, and disorderly conduct. On March 26, 2010, the Court of Common Pleas determined that petitioner had forfeited his right to appointed counsel, and allowed his counsel to withdraw. A jury found petitioner guilty of all charges and, on July 23, 2010, the Court of Common Pleas sentenced petitioner to a total of one year and ten months of imprisonment. *Id.*

Prior to sentencing, however, petitioner filed a notice of appeal in the Delaware Supreme Court. The Delaware Supreme Court dismissed the appeal on August 30, 2010, but directed the Superior Court to docket his appeal in that court effective July 23, 2010. *See Kostyshyn v. State*, 3 A.3d 1097 (Table), 2010 WL 3398943 (Del. Aug. 30, 2010). On February 10, 2011, the Superior Court dismissed petitioner's appeal for failing to either file an application to proceed in forma pauperis or pay the $100 fee. (D.I. 18 at 3) Petitioner filed a motion for re-argument. The Superior Court denied the motion for re-argument on February 25, 2011 after holding an evidentiary hearing and determining that petitioner was not indigent. *Id.* Petitioner then filed a petition for an extraordinary writ, which the Delaware Supreme Court denied on July 12, 2011. *See In re Kostyshyn*, 23 A.3d 865 (Table), 2011 WL 2696357 (Del. July 12, 2011).

3

## B. August 22, 2009 Incident: Delaware Superior Court, Crim. ID No. 0908020496

On August 22, 2009, William Corrigan was walking down his driveway at 905 Marion Avenue to throw away some trash when he encountered petitioner on the adjoining property. Petitioner raised a pick-axe that he was holding and yelled at Corrigan, "I'm going to fucking stab you with this pick-axe." Petitioner was arrested that same day. (D.I. 18 at 1-4)

On September 14, 2009, petitioner was indicted on charges of aggravated menacing, terroristic threatening, and possession of a deadly weapon during the commission of a felony. On February 23, 2010, after a hearing, the Superior Court granted defense counsel's motion to withdraw and held that petitioner had forfeited his right to appointed counsel. Petitioner proceed pro se at his six day Superior Court jury trial in November 2010. The jury found petitioner guilty of all charges, and he was sentenced on February 11, 2011 to a total non-suspended period of seven years imprisonment. *Id.*

Petitioner appealed. The Delaware Supreme Court remanded the matter to the Superior Court for a determination as to whether petitioner was indigent. *Id.* The Superior Court determined that petitioner was not indigent, but appointed counsel to represent him on appeal and required petitioner to repay the expenses of appointed counsel. *See Kostyshyn v. State*, No. 71, 2011, Order (Del. May 12, 2011). Oral argument is presently scheduled for June 7, 2012 at 10:00 a.m. in the Delaware Supreme Court. (D.I. 18 at 4)

4

## III. EXHAUSTION

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas application on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by fairly presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a manner that permits those courts to consider the claim on its merits. *See O'Sullivan*, 526 U.S. at 844-45; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas application consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claims to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

## IV. DISCUSSION

Petitioner filed the instant application in October 2011, asserting the following nine grounds for relief: (1) his arrest and misdemeanor conviction in the Court of Common Pleas are unlawful because only the Town of Bellefonte has jurisdiction over his misdemeanor case; (2) the evidence in his Court of Common Pleas case was obtained through an unconstitutional search; (3) re-asserts claims one and two; (4) petitioner was denied his constitutional right to representation in both of his cases; (5)

5

the State violated *Brady* and/or committed prosecutorial misconduct in his Superior Court case: (6) his right to be protected against double jeopardy was violated in his Superior Court case; (7) the Court of Common Pleas did not have jurisdiction over petitioner's misdemeanor case; (8) re-asserts claim four's denial of representation argument; and (9) petitioner was denied his right to appeal from his Court of Common Pleas case.  The State filed an answer asserting that the court should dismiss the application without prejudice because petitioner has not exhausted state remedies for any of his claims.

After reviewing the record, the court concurs with the State's determination that petitioner has not exhausted state remedies for his claims.  Claims four, five, six, and eight are based on petitioner's Superior Court criminal conviction (Del. Super. Ct. Crim. ID No. 0908020496) for the August 22, 2009 incident.  Petitioner's direct appeal from that case, which asserts an argument mirroring claims four and eight of this case, is still pending before the Delaware Supreme Court.  Additionally, once petitioner's direct appeal is decided, he has the option of seeking further state court review of claims four, five, six, and eight in a motion for post-conviction relief filed pursuant to Delaware Superior Court Criminal Rule 61.  Given these circumstances, petitioner has not yet exhausted state remedies for the claims arising from his criminal conviction in the Superior Court, Crim. ID No. 0908020496.

Claims one, two, three, four, seven, eight, and nine raise arguments concerning petitioner's criminal conviction in the Court of Common Pleas (Ct. Comm. Pleas Crim. ID No. 0902010151) for the February 12, 2009 incident.  In one of its many decisions concerning petitioner's voluminous filings, the Delaware Supreme Court explained that

6

petitioner may still be able to attack his conviction from the Court of Common Pleas

(claims one, two, three, four, seven, eight, and nine) through a Rule 61 motion. *See In*

*re Kostyshyn*, 23 A.3d 865 (Table), 2011 WL 2696357, at \*1 n.2 (Del. July 12, 2011).

The court is bound by the Delaware Supreme Court's interpretation and application of

Delaware law to petitioner's case. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Therefore, petitioner has not exhausted state remedies for claims one, two, three, four,

seven, eight, and nine, because he is not clearly foreclosed from pursuing further

review of those claims in the Delaware state courts. *See* Del. Super. Ct. Crim. Rule

61(i)(1) (imposing a one-year filing deadline on Rule 61 motions, calculated from the

date on which the judgment of conviction became final).

For the aforementioned reasons, the court concludes that petitioner has not

exhausted state remedies for any of his claims. Accordingly, the court will dismiss

petitioner's application without prejudice to his refiling an application under 28 U.S.C.

§ 2254 once his state court proceedings are final and he has exhausted state court

remedies.[1] *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

---

[1]Petitioner has presented the court with a wholly unexhausted application, rather than an application containing both exhausted and unexhausted claims (i.e., a mixed application). Consequently, the court need not provide petitioner with prior notice of the dismissal of his application and the option to choose one of three alternative methods for proceeding as suggested in *Urcinoli v. Cathel*, 546 F.3d 269, 274-77, 277 n.9 (3d Cir. 2008)(prior to dismissing a mixed application, it would be "good practice" for a district court to provide the petitioner with three options for proceeding with his mixed application: (1) dismissal of the application without prejudice in order to enable the petitioner to return to state court to exhaust state remedies; (2) deletion of the unexhausted claims from the application so that the habeas proceeding would continue with only the remaining exhausted claims; or (3) in limited circumstances, staying the mixed application and holding the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.). The court does, however, remind petitioner that habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed

7

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is unexhausted. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

---

within a one-year limitations period, and he is responsible for determining the events that trigger and toll the limitations period.

8

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. An appropriate order shall issue.

9