IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-1002-SLR |
| ) | |
| PHILIP MORGAN, Warden, ) | |
| and ATTORNEY GENERAL ) | |
| OF THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of February, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner Peter Kostyshyn's ("petitioner") motion for reargument (D.I. 25) is **DENIED**, for the reasons that follow:

**1. Background.** Petitioner's habeas application asserted nine claims for relief, challenging his convictions in the Delaware Court of Common Pleas and the Delaware Superior Court. (D.I. 1) The court dismissed his application without prejudice for failure to exhaust state court remedies, because his appeal was still pending in the Delaware Supreme Court. (D.I. 23)

**2. Standard of Review.** Pursuant to Local Rule 7.1.5, a motion for reargument should be granted sparingly. D. Del. LR 7.1.5 (2010). The principles governing such motions are as follows: (1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; (2) the purpose of reargument is to permit the court to correct error without unduly sacrificing finality; and (3) a motion for reargument may not be

used by the losing litigant as a vehicle to supplement or enlarge the record provided to the court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the court." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). A motion for reargument can only be granted if the court patently misunderstood a party, the court made a decision outside the adversarial issues presented to the court by the parties, or the court made an error of apprehension rather than of reasoning; a motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. *Id.*

**3. Discussion.** The court dismissed petitioner's application as unexhausted because his appeal was still pending. Now, in his motion for reargument, petitioner contends that the public defender's office should have represented him during his state court cases, without addressing the issue of exhaustion. Accordingly, the court concludes that petitioner has failed to satisfy the standards for granting reargument.

**4. Conclusion.** For these reasons, the court denies petitioner's motion for regargument. The court also declines to issue a certificate of appealability, because movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

[signature]<br>UNITED STATES DISTRICT JUDGE

used by the losing litigant as a vehicle to supplement or enlarge the record provided to the court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the court." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). A motion for reargument can only be granted if the court patently misunderstood a party, the court made a decision outside the adversarial issues presented to the court by the parties, or the court made an error of apprehension rather than of reasoning; a motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. *Id.*

**3. Discussion.** The court dismissed petitioner's application as unexhausted because his appeal was still pending. Now, in his motion for reargument, petitioner contends that the public defender's office should have represented him during his state court cases, without addressing the issue of exhaustion. Accordingly, the court concludes that petitioner has failed to satisfy the standards for granting reargument.

**4. Conclusion.** For these reasons, the court denies petitioner's motion for regargument. The court also declines to issue a certificate of appealability, because movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

[signature]
UNITED STATES DISTRICT JUDGE